FILED
2012 Jan-20 PM 02:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**(MIDDLE DIVISION)**

| | | |
|---|---|---|
| **CAMEO SPENDLOVE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action Number** |
| | ) | |
| **EQUIFAX INFORMATION SERVICES, LLC, and EXPERIAN INFORMATION SOLUTIONS, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

COMES NOW the plaintiff, CAMEO SPENDLOVE, by and through her undersigned counsel, and for her complaint alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for an actual, statutory and punitive damages, costs and attorneys' fees pursuant to 15 U.S.C. §1681, *et seq.* ("Fair Credit Reporting Act" or "FCRA").

## JURISDICTION & VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1681p.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

4. Plaintiff is resident of the state of Alabama and resides within this judicial district.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. §1681a(c).

6. Equifax Information Services, LLC ("Equifax") is a Georgia corporation with its principal place of business in the state of Georgia. Equifax does business in this judicial district.

7. Equifax is a nationwide consumer reporting agency ("CRA") as defined by 15 U.S.C. 1681a(f).

8. Experian Information Solutions, Inc. ("Experian") is an Ohio corporation with its principal place of business in the state of California. Experian does business in this judicial district.

9. Experian is a nationwide consumer reporting agency ("CRA") as defined by 15 U.S.C. 1681a(f).

10. Upon information and belief, said CRA defendants regularly engage in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports as defined by 15 U.S.C. §1681a(f) to third parties.

11. Upon information and belief, said CRA defendants disperse such consumer reports to third parties of contract for monetary compensation.

## FACTUAL ALLEGATIONS

12. Defendants reported derogatory and inaccurate information relating to Plaintiff and Plaintiff's credit worthiness to third parties.

13. The derogatory and inaccurate information includes, but is not limited to, a public record concerning a judgment entered in favor of M M Character against Plaintiff (hereinafter "the disputed information").

14. The disputed information negatively reflects on Plaintiff, her credit repayment history, financial responsibility as a debtor and her credit worthiness.

15. Defendants have been reporting the disputed information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors.

16. Plaintiff notified the three nationwide consumer reporting agencies of the disputed information, including the named defendants and Trans Union, LLC.

17. Thereafter, Equifax and Experian sent Plaintiff written communications indicating their intent to continue publish and disseminate the disputed information. Trans Union, LLC notified Plaintiff that the disputed information no longer appears on Plaintiff's Trans Union credit report.

18. Equifax and Experian published and disseminated credit reports regarding or relating to the plaintiff to third parties after her dispute. At least one of those credit reports included the disputed information.

19. Equifax or Experian, or both, did not request additional information from the plaintiff about the disputed information.

20. Other than their public records vendors (the identities of which are unknown to Plaintiff at this time), Equifax and Experian did not contact third parties, including M M Character or its attorney of record, that would have relevant information concerning the disputed information.

21. Equifax or Experian, or both, did not forward any relevant information concerning Plaintiff's dispute to the entity(ies) originally supplying the inaccurate information.

22. Defendants failed to perform reasonable investigations of the above disputes.

23. Defendants failed to remove the disputed information or Defendants failed to note the disputed status of the inaccurate information, or both.

24. Plaintiff filed a complaint with the Federal Trade Commission ("FTC") regarding the disputed information.

25. Upon information and belief, the FTC made Plaintiff's complaint, described in the above-numbered paragraph, available to Equifax, Experian or Tri-Bureau Initiatives.

26. Tri-Bureau Initiatives receives complaints regarding the nationwide consumer reporting agencies, including Equifax and Experian.

27. Defendants continue to report the disputed information about Plaintiff as of the filing of the above-captioned lawsuit.

28. Upon information and belief, Equifax received information concerning the accuracy of information supplied by the furnisher of the disputed information in the two years preceding the filing of the above-captioned lawsuit.

29. Upon information and belief, Experian received information concerning the accuracy of information supplied by the furnisher of the disputed information in the two years preceding the filing of the above-captioned lawsuit.

30. Equifax has received information from third parties, including but not limited to the Federal Trade Commission ("FTC"), Central Source, or Tri-Bureau Initiatives concerning the accuracy of information contained in its data base in the two years preceding the filing of the above-captioned lawsuit.

31. Experian has received information from third parties, including but not limited to the FTC, Central Source, or Tri-Bureau Initiatives, regarding or

related to the accuracy of information contained in its data base in the two years preceding the filing of the above-captioned lawsuit.

32. Defendants' conduct proximately caused Plaintiff's injuries, including but not limited to: harm to credit reputation; denial of credit; harm to her credit score, emotional distress; and out-of-pocket expenses.

33. At all times relevant hereto, Defendants were acting through their agents, servants and/or employees who were acting within the scope of their employment or agency, or both, and under the direct supervision of the Defendants.

34. At all times relevant hereto, Defendants' conduct was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the Plaintiff's rights.

**COUNT ONE – VIOLATION OF THE FAIR CREDIT REPORTING ACT (EXPERIAN AND EQUIFAX)**

35. Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

36. Equifax and Experian are liable to Plaintiff for willfully and negligently failing to comply with the Fair Credit Reporting Act 15 U.S.C. §1681i, pursuant to 15 U.S.C. §§1681n and o.

37. Equifax and Experian violated 15 U.S.C. 1681i on multiple occasions by failing to: delete inaccurate information in Plaintiff's credit file after receiving

actual notice of such inaccuracies; conduct a lawful investigation; forward all relevant information to the furnisher of the inaccurate information; maintain reasonable procedures with which to filter and verify disputed information in the plaintiff's credit file; and by relying upon verification from a source Defendants have reason to know is unreliable.

38. Equifax and Experian's conduct was a substantial factor in directly and proximately causing Plaintiff's injuries and damages as outlined above.

39. Equifax and Experian are liable to Plaintiff for the full amount of statutory, actual and punitive damages, plus attorneys' fees and costs.

40. Wherefore, Plaintiff seeks judgment in her favor against Equifax and Experian, based on the following relief requested:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive Damages;

(d) Costs and reasonable attorneys' fees; and

(e) Such other and further relief as may be necessary, just and proper.

**COUNT TWO – VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. 1681g(a)**
**(EQUIFAX)**

41. Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

42. Plaintiff requested Equifax to truncate her Social Security number on her consumer disclosures.

43. Subsequent to Plaintiff's request, Equifax failed to hide the first five digits of Plaintiff's Social Security number on her consumer disclosures.

44. Equifax is liable to Plaintiff for willfully and negligently failing to comply with the Fair Credit Reporting Act 15 U.S.C. §§ 1681g(a), pursuant to 15 U.S.C. 1681n and o.

45. Equifax's conduct was a substantial factor in directly and proximately causing Plaintiff's injuries and actual damages as outlined above.

46. Equifax is liable to Plaintiff for the full amount of statutory, actual and punitive damages, plus attorneys' fees and costs.

47. Wherefore, Plaintiff seeks judgment in her favor against Equifax, based on the following relief requested:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive Damages;

(d) Costs and reasonable attorneys' fees; and

(e) Such other and further relief as may be necessary, just and proper.

**JURY TRIAL DEMAND**

48. Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

**s/ Micah S. Adkins**
Micah S. Adkins (ASB-8639-I48A)
**BURKE, HARVEY & FRANKOWSKI, LLC**
2151 Highland Avenue, Suite 120
Birmingham, AL 35205
Telephone: 205.747.1907
Facsimile: 205.930-9054
Email: madkins@bhflegal.com

**Please serve Complaint and Summons on Defendants by Certified Mail to**:

Equifax Information Services, LLC
c/o CSC Lawyers Incorporating Services, Inc.
150 South Perry Street
Montgomery, Alabama 36104

Experian Information Solutions, Inc.
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104